# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE T. TAYLOR, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:06-CV-1452 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Tyrone Taylor's ("movant") motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. For the following reasons, the motion will be denied.

On February 17, 2005, movant was charged in a three-count indictment with possession with intent to distribute cocaine base (Count I), possession of firearms in furtherance of a drug trafficking crime (Count II), and being a felon in possession of a firearm (Count III). On August 30, 2005, movant pleaded guilty to Counts I and II and in exchange, the government agreed to dismiss Count III at the time of sentencing. On December 6, 2005, the Court sentenced movant pursuant to his plea of guilty to the indictment. Movant was sentenced to a total of 120 months' imprisonment, 60 months on each of Counts I and II to run consecutively. Movant did not file a direct appeal.

On October 2, 2006, movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Movant stated four grounds for relief: (1) ineffective assistance of counsel; (2) incorrect application of the sentencing guidelines; (3) incorrect application of § 924(c); and (4) unconstitutional application of supervised release. For his argument in support of these grounds,

movant stated only "See Memorandum and Brief in Support." Movant did not attach a memorandum and brief in support of the motion, but rather attached a letter to the clerk of court. In the letter, movant stated that he did not have access to the legal research center, and would be filing the memorandum and brief before November 6, 2006. The Court never received the memorandum and brief in support.

On December 4, 2006, movant filed a motion for an extension of time to file his memorandum and brief in support of his motion. He sought an extension until December 29, 2006. The Court denied the motion, stating that movant would have an opportunity to file a reply brief after the government responded to his motion. On December 12, 2006, the government filed its response to the motion. Movant has never filed a reply.

It is well-established that once a defendant enters a guilty plea, collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984) (citing Tollett v. Henderson, 411 U.S. 258, 266 (1973)). Therefore, the following grounds for relief have been waived by movant's guilty plea: Incorrect Application of U.S.S.G. (Crack) (Ground II);[1] Incorrect Application of § 924(c) Insufficiency (Ground III); and Supervised Release Unconstitutional Application Based Upon Misinterpretation

---

[1] Pursuant to 18 U.S.C. § 3582(c)(2), the Court may, on its own motion, reduce a sentence of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Sentencing Commission lowered the offense levels in USSG § 2D1.1(c) related to crack cocaine. Based on the record, however, movant was sentenced to the statutory minimum sentence on Counts I and II. The Sentencing Commission has not, and cannot, alter a statutory mandatory minimum sentence. See Supplement to 2007 Guidelines Manual - March 3, 2008, § 1B1.10, App. Note 1(A); see also United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008) (finding appellant ineligible for relief under retroactive amendments because original sentence imposed pursuant to mandatory minimum). Therefore, movant does not qualify for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).

of Statutory Language (Ground IV). Additionally, even if these grounds had not been waived by movant's guilty plea, movant's allegations are vague and conclusory and not supported by any facts. Movant has not submitted any supporting memorandum, and his motion lacks any cognizable ground for relief on Grounds II, III, and IV.

The only ground for relief not waived by movant's guilty plea is Ground I, Ineffective Assistance of Counsel. To support this ground, movant states only "See Memorandum and Brief in Support." No such memorandum or brief has been filed. Furthermore, even after the government highlighted movant's lack of a supporting brief in its response, movant never filed a reply brief. The Court finds that movant has abandoned this ground for relief.

Even if the Court were to entertain movant's claim of ineffective assistance of counsel, to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668 (1984). "In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Mathews, 114 F.3d 112, 114 (8th Cir. 1993) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Movant alleges "ineffective assistance of counsel" and later his states that "[b]ased upon the erroneous advice of counsel petitioner did not file a appeal based upon these issue [sic], an it was counsel's attempt to broker a deal and abandoned any further advocacy on petition [sic] behalf." Movant has not established that his counsel's failures rose to the level of a constitutionally deficient action. Nor has he shown that there is a reasonable probability that, had counsel taken different actions, he would have insisted on

going to trial. Movant's allegation is so general and conclusory in nature that it fails to show substandard performance and therefore does not satisfy the Strickland test.

Accordingly,

**IT IS HEREBY ORDERED** that movant Tyrone T. Taylor's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that movant has not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of June, 2008.